# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2015

Lyle W. Cayce
Clerk

No. 14-60777

VANDA GRACE CROWE, Administratrix of the Estate of Michael Grace, Deceased,

Plaintiff - Appellee

v.

MISSISSIPPI DIVISION OF MEDICAID; MISSISSIPPI DEPARTMENT OF REHABILITATION SERVICES,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-366

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The State of Mississippi appeals the denial of its motion for summary judgment based on sovereign immunity. Crowe asserts that we lack jurisdiction because the State did not appeal the denial of its motion to dismiss based on sovereign immunity. But a party is generally not required to exhaust previously available interlocutory appeals to pursue an interlocutory appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60777

*In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 235–36 (5th Cir. Unit B 1982). We conclude that we have jurisdiction.

The district court failed to explain why it denied the State's motion for summary judgment based on sovereign immunity as to Crowe's claim under the Americans with Disabilities Act (ADA). Instead, in its September 30, 2014 order denying the motion, the district court stated that "[a] memorandum opinion is forthcoming." But the district court never issued that memorandum opinion. "[W]e have not hesitated to remand a case to the district court for an explanation of its decision when no explanation was originally given." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 418 (5th Cir. 2008). We therefore VACATE the district court's denial of summary judgment as to the ADA claim and REMAND the case for the district court to perform the three-step inquiry laid out in *United States v. Georgia*, 546 U.S. 151, 159 (2006), to determine in the first instance whether the ADA abrogates the State's sovereign immunity as to Crowe's ADA claim.[1]

---

[1] We note that, when denying the State's motion to dismiss, the district court relied upon *Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d 448, 454–55 (5th Cir. 2005), for the proposition that a court does not need to determine whether the ADA abrogates a state's sovereign immunity if the state has waived its sovereign immunity under the Rehabilitation Act. But in *Bennett-Nelson*, the plaintiff's Rehabilitation Act and ADA claims were identical because causation was not at issue. *See id.* In contrast, here, the two claims are not identical because causation will likely be contested at trial. The district court therefore must determine whether the ADA itself abrogates the State's sovereign immunity.